UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ASHER BRONSTIN**, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

**LENDING FORCE LLC**,

    Defendant.

Case No. 25-cv-13564-LJM-DRG

Hon. Laurie J. Michelson
Magistrate Judge David R. Grand

---

**DEFENDANT LENDING FORCE LLC'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND BRIEF IN SUPPORT**

Defendant Lending Force LLC ("Lending Force"), pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves this Court for an order dismissing Plaintiff Asher Bronstin's ("Plaintiff") Complaint. In support of this Motion, Lending Force respectfully refers the Court to its Brief In Support, filed contemporaneously herewith.

Pursuant to E.D. Mich. L.R. 7.1, counsel for Lending Force sought concurrence in the relief sought in the instant motion with counsel for Plaintiff in which Lending Force explained the nature of the motion or request and its legal basis but did not obtain concurrence in the relief sought.

WHEREFORE, Defendant Lending Force LLC respectfully requests that this Court enter an Order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing Plaintiff's Class Action Complaint (ECF No. 1).

        Respectfully submitted,

        TROUTMAN AMIN, LLP

        By: */s/ Brittany A. Andres*
        Eric J. Troutman
        Brittany A. Andres
        400 Spectrum Center Drive
        Suite 1550
        Irvine, CA 92618
        troutman@troutmanamin.com
        brittany@troutmanamin.com
        Tel: (949) 350-5612
        *Attorneys for Defendant Lending Force LLC*

        WILLIAMS, WILLIAMS, RATTNER
        & PLUNKETT, P.C.
        Alexander A. Ayar (P69623)
        Michael J. Petrus (P84605)
        380 N. Old Woodward, Ste 300
        Birmingham, MI 48009
        (248) 642-0333
        aayar@wwrplaw.com
        mpetrus@wwrplaw.com
        *Attorneys for Defendant Lending Force LLC*

Dated: January 16, 2026

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ASHER BRONSTIN**, individually and on behalf of all others similarly situated,

       Plaintiff,

v.

**LENDING FORCE LLC**,

       Defendant.

Case No. 25-cv-13564-LJM-DRG

Hon. Laurie J. Michelson
Magistrate Judge David R. Grand

**BRIEF IN SUPPORT OF DEFENDANT LENDING FORCE LLC'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED.................................................................. iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................... iv

I. INTRODUCTION .................................................................................1

II. PLAINTIFF'S ALLEGATIONS...........................................................2

III. ANALYSIS .............................................................................................3

    A. Legal Standards ................................................................................3

    B. Plaintiff's Class Action Complaint Must Be Dismissed because the TCPA's DNC Provisions Apply Only to "Telephone Calls", Not Text Messages ........................................................................................4

IV. CONCLUSION .....................................................................................9

## **STATEMENT OF ISSUES PRESENTED**

Whether the Court should dismiss Plaintiff's Class Action Complaint under Fed. R. Civ. P. 12(b)(6) based on Plaintiff's failure to state a claim under the Telephone Consumer Protection Act where (a) the TCPA's Do-Not-Call provisions, including 47 U.S.C. § 227(c)(5) and the corresponding regulations, apply only to the receipt of more than one "telephone call" within a twelve-month period, (b) Plaintiff alleges only the receipt of SMS text messages and does not allege that Defendant ever placed a single telephone call, and (c) the plain text, structure, and ordinary meaning of the TCPA—particularly in light of the Supreme Court's decision in *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*—foreclose treating text messages as "telephone calls" for purposes of the TCPA's Do-Not-Call provisions.

Defendant answers "Yes."

Plaintiff answers "No."

# **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed. R. Civ. P. 12(b)(6)

47 U.S.C. § 227

47 U.S.C. § 227(a)(4)

47 U.S.C. § 227(b)

47 U.S.C. § 227(c)(5)

47 C.F.R. § 64.1200(c)

47 C.F.R. § 64.1200(d)

47 C.F.R. § 64.1200(f)(15)

*McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 145 S. Ct. 2006 (2025)

*Facebook, Inc. v. Duguid*, 592 U.S. 395 (2021)

*Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 140 S.Ct. 1731 (2020)

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)

*Papasan v. Allain*, 478 U.S. 265 (1986)

*Roseman v. Wells Fargo Bank, N.A.*, 2023 WL 3221940 (6th Cir. Jan. 25, 2023)

*Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir. 2009)

*Duchene v. Onstar,* LLC, 2016 WL 3997031 (E.D. Mich. July 26, 2016)

*Carlisle v. Carlisle*, 2014 WL 6675306 (E.D. Mich. November 25, 2014)

## I.     INTRODUCTION

Plaintiff Asher Bronstin ("Plaintiff") brings this putative class action under the Telephone Consumer Protection Act ("TCPA") based solely on the receipt of text messages allegedly sent by Lending Force. He claims these messages were sent without consent and while his number was listed on the National Do-Not-Call Registry ("NDNCR"), and on that basis asserts violations of the TCPA's NDNCR provisions, caller identification requirements, and internal do-not-call rules.

Plaintiff's claims must fail. Recent authority has squarely held that SMS text messages are not "calls" within the meaning of the TCPA's Do-Not-Call provisions and therefore fall entirely outside the scope of the statute provisions Plaintiff invokes. *See Jones v. Blackstone Med. Servs., LLC,* 792 F. Supp. 3d 894, 901 (C.D. Ill. 2025) (dismissing a TCPA DNC claim against the defendant finding that SMS messages simply are not covered by the statute's DNC provisions); *Davis v. CVS Pharmacy, Inc.,* 797 F. Supp. 3d 1270, 1275 (N.D. Fla. 2025) (same); *Sayed v. Naturopathica Holistic Health, Inc.,* No. 8:25-CV-00847-SDM-CPT, 2025 WL 2997759, at *2 (M.D. Fla. Oct. 24, 2025) (same).

Because the TCPA provisions Plaintiff relies upon regulate telephone ***calls***—***not text messages***—his claims fail as a matter of law. Text messages cannot constitute "telephone solicitations" under the TCPA's Do-Not-Call framework, and courts have now expressly confirmed that such claims are not cognizable.

1

Accordingly, Lending Force respectfully requests that the Court dismiss Plaintiff's Class Action Complaint in its entirety.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that his telephone number has been listed on the NDNCR for more than one year prior to the messages at issue. (ECF No. 1, PageID. 4, ¶ 22). He further alleges that, beginning on February 5, 2024, Lending Force sent him at least twenty-four ***text messages***. (PageId. 4, ¶ 23). Critically, Plaintiff does not allege that Lending Force ever placed a single telephone call to his number.

Although Plaintiff claims he requested that the messages stop and that Lending Force continued sending text messages thereafter, (PageID. 6, ¶¶ 29–30), these allegations do not cure the fundamental defect in his pleading. The TCPA provisions Plaintiff invokes regulate ***telephone calls, not SMS text messages***. While Plaintiff occasionally uses the term "calls" in his Complaint in an apparent attempt to bring his allegations within the statute (PageID. 4-8 ¶¶ 17, 23, 31, 36, 38-41), the Complaint makes clear that he is referring exclusively to text messages. (PageID. 4-7, ¶¶ 24-32). Because Plaintiff's allegations are expressly limited to text messages—and no calls of any kind are alleged—Plaintiff has not stated a viable claim under the TCPA.

2

## III. ANALYSIS

### A. Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *See also Roseman v. Wells Fargo Bank, N.A.*, No. 22-1448, 2023 WL 3221940, at * 1 (6th Cir. Jan. 25, 2023) (referencing the *Iqbal* standard for pleading requirements).

However, "pleadings that ... are no more than conclusions[ ] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

Allegations that support only the "sheer possibility" that the defendant is liable under the TCPA are insufficient as a matter of law. *Duchene v. Onstar,* LLC, No. 15-13337, 2016 WL 3997031, at *2 (E.D. Mich. July 26, 2016) (quoting *Iqbal*, 556 U.S. at 678). A claim "has facial plausibility when the plaintiff pleads factual

3

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Carlisle v. Carlisle*, No. 14–CV–11768, 2014 WL 6675306, at *3 (E.D. Mich. November 25 , 2014 (quoting *Iqbal*, 556 U.S. at 678).

Furthermore, this Court "does not have to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) ("Although this standard does not require "detailed factual allegations," it does require more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'") (citation modified).

    **B.**    **Plaintiff's Class Action Complaint Must Be Dismissed because the TCPA's DNC Provisions Apply Only to "Telephone Calls", Not Text Messages**

Plaintiff's claims must be dismissed because they are based on a legal theory that is foreclosed by the plain text of the TCPA. In order to assert a claim under the TCPA, a plaintiff must allege receipt of more than one "telephone solicitation" within any 12-month period. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c). The TCPA defines "telephone solicitation" to mean "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person[.]" 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(15).

4

Subsection 227(c)(5) expressly creates a private right of action for "[a] person who has received *more than one telephone call*." 47 U.S.C. § 227(c)(5) (emphasis added). The statute does not mention text messages. *Id*. While courts have historically been required to rely on the Federal Communications Commission ("FCC") interpretations that expanded the meaning of "call," the Supreme Court's recent decision in *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp*., 606 U.S. 146, 145 S. Ct. 2006 (2025) freed the courts to interpret the TCPA as Congress intended. *McLaughlin*, 145 S. Ct. at 2015. As such, this Court is no longer bound by agency deference and must "independently determine for itself whether the agency's interpretation of a statute is correct" using "ordinary principles of statutory interpretation." *Id*. Thus, "[c]ourts must interpret every statute 'in accord with the ordinary public meaning of its terms at the time of its enactment.'" *Davis*, 797 F. Supp. 3d at 1272 (quoting *Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 654, 140 S.Ct. 1731, 207 L.Ed.2d 218 (2020)).

The ordinary meaning of "telephone call" in 1991, when the TCPA was enacted, unambiguously referred to a voice-to-voice communication. This is a matter of historical fact, as text messaging technology did not yet exist. The TCPA was enacted on December 20, 1991, while the first SMS text message was not sent until nearly a year later. *Compare* 47 U.S.C. § 227 (originally enacted on December 20, 1991), *with First SMS Text Message Is Sent, History* (Oct. 4, 2022),

5

https://www.history.com/this-day-in-history/December-3/first-sms-text-message-sent ("On December 3, 1992, the first SMS text message in history is sent[.]"). Congress, therefore, could not possibly have intended the term "telephone call" to encompass a technology that was not yet in use.

Even putting historical usage aside, as the *Davis* court in the Northern District of Floria court explained, the ordinary meaning and usage of the term "telephone call" simply does not encompass text messages:

> No normal person refers to a text message, or thinks of a text message, as a "call." No ordinary user of the English language would write the sentence "John called Sue" intending to mean "John sent a text message to Sue," nor would any ordinary reader interpret the sentence in that manner. Certainly, no ordinary person would think of a text message as a "telephone call." This conclusion—supported by the ordinary public meaning at the time of the provision's enactment—is enough to end this case."

*Davis*, 797 F. Supp. 3d at 1273 (citation omitted).

Both the historical and ordinary meaning interpretations of 47 U.S.C. § 227(c)(5) are reinforced by the canons of statutory construction. The TCPA's definition of "telephone solicitation" in § 227(a)(4) refers to the initiation of a "telephone call or message." 47 U.S.C. § 227(a)(4) (emphasis added). Yet, in the private right of action provision at issue here, 47 U.S.C. § 227(c)(5), Congress deliberately chose to provide a remedy only for the receipt of more than one "telephone call." *Id*. (emphasis added). As the *Davis* court explained, courts must "presume that, when a statute uses one term in one place and a distinct term

6

elsewhere, the difference matters—that is, the distinct words have different meanings." *Davis*, 797 F. Supp. 3d at 1274 (quoting and *citing Sunshine State Reg'l Ctr., Inc. v. Dir., U.S. Citizenship & Immigr. Servs.,* 143 F.4th 1331, 1344 (11th Cir. 2025); accord *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 859 (11th Cir. 2000) ("[W]hen Congress uses different language in similar sections, it intends different meanings.")). Congress's choice to omit the words "or message" from the private right of action was a deliberate one that forecloses Plaintiff's claim.

Indeed, in the wake of *McLaughlin*, three courts have applied the statute's plain text and structure to dismiss DNC claims based on texts. *See Davis*, 797 F. Supp. 3d at 1275 (holding that "telephone call" cannot include texts); *Jones*, 792 F. Supp. 3d at 900-01 (rejecting reliance on FCC's § 227(b) rulemaking in the § 227(c) context); *Sayed*, 2025 WL 2997759, at *2 (M.D. Fla. Oct. 24, 2025) ("The omission of 'text message' from paragraph 227(c)(5) confirms that the provision applies only to a 'telephone call.'").

In *Davis*, the Northern District of Florida squarely rejected a DNC claim based on text messages. *Davis*, 797 F. Supp. 3d at 1275. The court explained that cases treating texts as "calls" arose under § 227(b), which broadly prohibits "any call," not the narrower "telephone call" in § 227(c)(5). *Id.* at 1273. It also explained that Supreme Court never decided the issue; in *Facebook, Inc. v. Duguid*, 592 U.S. 395, 400 n.2, (2021), the Court merely assumed for purposes of § 227(b) that texts

7

could qualify as calls, an assumption with no binding force in the DNC context. *Id*. Accordingly, the court found that no precedent supports treating a text as a "telephone call" under § 227(c)(5). *Id*.

Additionally, in *Jones*, the court dismissed DNC claims based on text messages after performing an analysis of the FCC's rulemaking history. *Jones,* 792 F. Supp. 3d at 900-01. The *Jones* court found that the FCC's 2003 Order, which interpreted "calls" to include "texts," did so by explicitly referencing its authority under § 227(b) of the TCPA. *Id*. The court correctly reasoned that the FCC's interpretation under the automatic telephone dialing system provision does not apply to the separate DNC provisions found in § 227(c). *Id*. Thus, even the FCC's own reasoning does not support Plaintiff's claim here.

Here, Plaintiff's entire Complaint is predicated on his receipt of text messages. (PageID. 4-6 ¶¶ 23-31). Plaintiff alleges that he received at least "24 telemarketing text messages" from Lending Force. (PageID. 4 ¶ 23). While Plaintiff occasionally uses the term "calls" in his Complaint in an apparent attempt to bring his allegations within the statute (PageID. 4-8 ¶¶ 17, 23, 31, 36, 38-41), the Complaint makes clear that he is referring exclusively to text messages. *See Jones*, 792 F. Supp. 3d at 902 ("Indeed, the Plaintiffs' reference to receipt of telephone calls in violation of the TCPA are few compared to their reference to text messages and inclusion of text message screenshots; the crux of the CAC is that their receipt

of repetitive text messages prompted them to seek relief pursuant to the TCPA."). Thus, based on the statute's plain text, established canons of construction, and the persuasive authority from the post-*McLaughlin* rulings in *Davis* and *Jones*, all of Plaintiff's causes of action fail to state claims and must be dismissed. *See Jones,* 792 F. Supp. 3d at 901–02 (*"*The Court finds that the Plaintiffs have failed to state claims for violations of Section 227(c) of the TCPA, 47 C.F.R. § 64.1200(c), and 47 C.F.R. § 64.1200(d) given that allegedly 'violative text messages' stand 'at the core of Plaintiffs' factual allegations'"); *Davis*, 797 F. Supp. 3d at 1275; *Sayed*, 2025 WL 2997759, at *2.

IV.   **CONCLUSION**

For the foregoing reasons, Defendant Lending Force, LLC respectfully requests that the Court enter an Order dismissing Plaintiff's Class Action Complaint (ECF No. 1) for its failure to state a claim upon which relief can be granted.

    Respectfully submitted,

    TROUTMAN AMIN, LLP

    By: */s/ Brittany A. Andres*
    Eric J. Troutman
    Brittany A. Andres
    400 Spectrum Center Drive
    Suite 1550
    Irvine, CA 92618
    troutman@troutmanamin.com
    brittany@troutmanamin.com
    Tel: (949) 350-5612
    *Attorneys for Defendant Lending Force LLC*

|  |  |
|---|---|
|  | WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.<br>Alexander A. Ayar (P69623)<br>Michael J. Petrus (P84605)<br>380 N. Old Woodward, Ste 300<br>Birmingham, MI 48009<br>(248) 642-0333<br>aayar@wwrplaw.com<br>mpetrus@wwrplaw.com<br>*Attorneys for Defendant Lending Force LLC* |
| Dated: January 16, 2026 |  |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ASHER BRONSTIN**, individually and on behalf of all others similarly situated,

      Plaintiff,

v.

**LENDING FORCE LLC**,

      Defendant.

Case No. 25-cv-13564-LJM-DRG

Hon. Laurie J. Michelson
Magistrate Judge David R. Grand

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of January, 2026, I caused a copy of the foregoing Defendant Lending Force LLC's Motion to Dismiss and this Certificate of Service to be filed electronically with the United States District Court, Eastern District of Michigan, and notice will be sent by operation of the Court's electronic filing system to all ECF participants.

                                            */s/ Brittany A. Andres*
                                            BRITTANY A. ANDRES