UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ASHER BRONSTIN**, individually and on behalf of all others similarly situated,

       Plaintiff,

v.

**LENDING FORCE LLC**,

       Defendant.

Case No. 25-cv-13564-LJM-DRG

Hon. Laurie J. Michelson
Magistrate Judge David R. Grand

---

### DEFENDANT LENDING FORCE LLC'S
### MOTION TO STAY DISCOVERY

Defendant Lending Force LLC ("Lending Force"), pursuant to Fed. R. Civ. P. 26(c), respectfully moves this Court for an order staying discovery pending the Court's ruling on Lending Force's Motion to Dismiss and Motion to Strike Class Allegations (the "Pending Motions").

In support of this Motion, Lending Force respectfully refers the Court to the Brief In Support filed herewith.

Pursuant to E.D. Mich. LR 7.1, Lending Force conferred with Plaintiff in which Lending Force explained the nature of the motion or request and its legal basis but did not obtain concurrence in the relief sought.

WHEREFORE, Defendant Lending Force LLC respectfully requests that this Court enter an Order, pursuant to Fed. R. Civ. P. 26(C), staying discovery pending the Court's ruling on Lending Force's Pending Motions.

1

Respectfully submitted,

TROUTMAN AMIN, LLP

By: */s/ Brittany A. Andres*
Eric J. Troutman
Brittany A. Andres
400 Spectrum Center Drive
Suite 1550
Irvine, CA 92618
troutman@troutmanamin.com
brittany@troutmanamin.com
Tel: (949) 350-5612
*Attorneys for Defendant Lending Force LLC*

WILLIAMS, WILLIAMS, RATTNER
& PLUNKETT, P.C.
Alexander A. Ayar (P69623)
Michael J. Petrus (P84605)
380 N. Old Woodward, Ste 300
Birmingham, MI 48009
(248) 642-0333
aayar@wwrplaw.com
mpetrus@wwrplaw.com
*Attorneys for Defendant Lending Force LLC*

Dated: January 16, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ASHER BRONSTIN**, individually and on
behalf of all others similarly situated,

        Plaintiff,

v.

**LENDING FORCE LLC**,

        Defendant.

Case No. 25-cv-13564-LJM-DRG

Hon. Laurie J. Michelson
Magistrate Judge David R. Grand

---

**BRIEF IN SUPPORT OF DEFENDANT LENDING FORCE LLC'S
MOTION TO STAY DISCOVERY**

## TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED ............................................................. iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................. iv

I.       INTRODUCTION ................................................................................. 1

II.     ANALYSIS ............................................................................................ 2

      A.  Legal Standard ............................................................................. 2

      B.  The Court Should Stay Discovery Until the Resolution of the Pending Motions Because the Pending Motions May Potentially Dispose of the Entire Case. ................................................................................. 3

      C.  A Limited Stay of Discovery is Reasonable and Appropriate in this Case Because Commencement of Discovery Would Significantly Burden Lending Force. ................................................................. 7

      D.  A Stay Will Not Prejudice or Disadvantage Plaintiff or Putative Class Members. .................................................................................... 8

      E.  A Stay is Warranted Because Discovery Has Not Yet Begun in This Matter, and No Trial Date Has Been Set ..................................... 9

III.    CONCLUSION ................................................................................... 10

## **STATEMENT OF ISSUES PRESENTED**

Whether the Court should stay all discovery under Fed. R. Civ. P. 26(c) pending resolution of Defendant's Motion to Dismiss and Motion to Strike Class Allegations where (a) the pending motions are potentially dispositive of the entire action or, at minimum, will substantially narrow the claims and issues, (b) requiring Defendant to engage in discovery—particularly class-wide discovery—would impose significant and potentially unnecessary burden, expense, and hardship, (c) Plaintiff will suffer no undue prejudice or tactical disadvantage from a temporary stay, and (d) the case remains at an early stage, with no discovery conducted and no trial date set.

      Defendant answers "Yes."

      Plaintiff answers "No."

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

Fed. R. Civ. P. 26(c)

*Landis v. North American Co.*, 299 U.S. 248 (1936)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

*Hahn v. Star Bank*, 190 F.3d 708 (6th Cir. 1999)

*Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300 (6th Cir. 2003)

*Muzquiz v. W.A. Foote Memorial Hospital, Inc.*, 70 F.3d 422 (6th Cir. 1995)

*Hamer v. Griffs*, No. 2:22-CV-12106, 2023 WL 11829008 (E.D. Mich. Jan. 17, 2023)

*Moore v. Auto Club Services*, No. 19-10403, 2022 WL 16536216 (E.D. Mich. Oct. 28, 2022)

*Brown v. PSCU, Inc.,* No. 20-11510, 2020 WL 7122075 (E.D. Mich. Dec. 4, 2020)

*Williams v. Scottrade, Inc.*, No. 06-10677, 2006 WL 1722224 (E.D. Mich. June 19, 2006)

*Donnelly Corp. v. Guardian Industries Corp.*, No. 05-74444, 2007 WL 3104794 (E.D. Mich. 2007)

*Signal IP, Inc. v. Fiat U.S.A., Inc.*, No. 14-cv-13864, 2015 WL 5719670 (E.D. Mich. Sept. 30, 2015)

*Cequent Performance Products, Inc. v. Hopkins Mfg. Corp.,* No. 13-cv-15293, 2015 WL 1510671 (E.D. Mich. Apr. 1, 2015)

*Dura Global Technologies, LLC v. Magna Int'l Inc*., No. 11-CV-10551, 2011 WL 5039883 (E.D. Mich. Oct. 24, 2011)

*Azar S. v. Social Security Administration,* No. 24-13217, 2025 WL 2042259 (E.D. Mich. July 21, 2025)

I.      **INTRODUCTION**

Plaintiff Asher Bronstin's ("Plaintiff") Complaint cannot survive the pleadings stage because he has failed to allege a critical element of his claims—receipt of a *telephone call*.

Where, as here, a complaint is certainly destined to be dismissed, a Court has discretion—and should exercise that discretion—to stay discovery. There is simply no reason for Lending Force and the Court to waste their resources litigating this case unless, and until, Plaintiff can state facts worthy of redress in a viable suit.

In short, the Court should stay discovery in this proceeding because resolution of Lending Force's Motion to Dismiss and Motion to Strike Class Allegations (the "Pending Motions") will dispose of or substantially narrow the scope of claims in this action. A stay of discovery is warranted given that Plaintiff will suffer no harm or prejudice from a stay pending the outcoming of Lending Force's motions and that Lending Force would, on the other hand, face significant burdens in incurring potentially needless time, expense, and effort in discovery that may very well prove moot or unnecessary pending the Court's rulings. Plaintiff has no urgent need for discovery while Lending Force's motions remain pending; this case is at a nascent stage where no answer has been filed, no discovery has been taken or exchanged, and no trial date has been set.

To protect the parties from the significant burden and expense of discovery

in a potentially moot action, Lending Force respectfully requests the Court to stay all discovery in this action, including pretrial deadlines, pending the Court's disposition of Lending Force's Pending Motions.

## II.  ANALYSIS

### A.  Legal Standard

"Rule 26(c) of the Federal Rules of Civil Procedure authorizes a stay of discovery based on good cause." *Hamer v. Griffs*, No. 2:22-CV-12106, 2023 WL 11829008, at *1 (E.D. Mich. Jan. 17, 2023). "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (citing *Landis v. North Am. Co.,* 299 U.S. 248, 254–55 (1936)). Further, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

On a motion to stay discovery, courts consider three factors: "(1) whether a stay will simplify the issues in the case or conserve judicial resources; (2) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party; and (3) whether discovery is complete and when (or whether) a trial

date has been set." *Moore v. Auto Club Servs.*, No 19-10403, 2022 WL 16536216, at * 2 (E.D. Mich. Oct. 28, 2022) (citing *Brown v. PSCU, Inc.*, No. 20-11510, 2020 WL 7122075, at *1 (E.D. Mich. Dec. 4, 2020)). A party bringing a motion to stay must also demonstrate hardship or inequity in being required to go forward. *Brown*, 2020 WL 7122075, at * 7.

> B. **The Court Should Stay Discovery Until the Resolution of the Pending Motions Because the Pending Motions May Potentially Dispose of the Entire Case.**

The first factor a court considers when determining whether to grant a stay is "(1) whether a stay will simplify the issues in the case or conserve judicial resources…" *Moore*, 2022 WL 16536216, at * 2 (citing *Brown*, 2020 WL 7122075, at *1).

Courts routinely hold that a pending motion to dismiss justifies staying discovery. *See Hahn*, 190 F.3d at 719 ("discovery will be stayed pending resolution of the pending Motion to Dismiss or for summary judgment, which is now at issue."); *see also Williams v. Scottrade, Inc.*, No. 06-10677, 2006 WL 1722224, at *1 (E.D. Mich. June 19, 2006) (granting motion to stay discovery where motion to dismiss was pending); *Azar S. v. Social Security Administration*, No. 24-13217, 2025 WL 2042259, at *1 (E.D. Mich July 21, 2025) (same). This is because resolving the motion may narrow or eliminate the claims at issue, thereby simplifying the case and conserving judicial and party resources. *Moore*, 2022 WL

3

16536216, at * 2.

On January 16, 2026, Lending Force filed a Motion to Dismiss and Motion to Strike Class Allegations. The resolution of Lending Force's Pending Motions, if granted, will greatly clarify the issues before the Court because they are likely to "result in at least some modification of the claims." *Donnelly Corp. v. Guardian Indus. Corp.*, No. 05-74444, 2007 WL 3104794, *3 (E.D.Mich.2007) (granting stay where both parties represented that it was statistically likely some modification of the claims would result from requests for reexamination).

In Lending Force's Motion to Dismiss, Lending Force argues that Plaintiff's Complaint should be dismissed because the Complaint is based solely on the receipt of *text messages* allegedly sent by Lending Force. However, recent authority has squarely held that SMS text messages are not "calls" within the meaning of the Telephone Consumer Protection Act's ("TCPA") Do-Not-Call ("DNC") provisions and therefore fall entirely outside the scope of the statute provisions Plaintiff invokes. *See Jones v. Blackstone Med. Servs., LLC,* 792 F. Supp. 3d 894, 901 (C.D. Ill. 2025) (dismissing a TCPA DNC claim against the defendant finding that SMS messages simply are not covered by the statute's DNC provisions); *Davis v. CVS Pharmacy, Inc.,* 797 F. Supp. 3d 1270, 1275 (N.D. Fla. 2025) (same); *Sayed v. Naturopathica Holistic Health, Inc.,* No. 8:25-CV-00847-SDM-CPT, 2025 WL 2997759, at *2 (M.D. Fla. Oct. 24, 2025) (same). As such, Plaintiff's Complaint

4

should be dismissed.

Further, Lending Force also filed a Motion to Strike Class Allegations that may dispose of all claims by the putative class members against Lending Force. Plaintiff's proposed classes are facially overbroad and cannot meet the requirements under Rule 23 of the Federal Rules of Civil Procedure. As discussed in Lending Force's Motion to Strike Class Allegations, Plaintiff's National DNC class, as currently defined, cannot be certified. First, Plaintiff's National DNC class is overly broad and lacks commonality as it includes individuals who (1) are not residential telephone subscribers, (2) did not personally register their telephone number on the DNC registry, and (3) who consented or had an established business relationship ("EBR") with Lending Force. Second, Plaintiff's National DNC class is defined based upon the merits instead of objective criteria because it only includes individuals who received "telemarketing" messages.

Plaintiff's Telemarketing Caller ID class, as currently defined, also cannot be certified. Plaintiff's Telemarketing Caller ID class is overly broad and lacks commonality as it includes individuals who are not residential telephone subscribers. Additionally, Plaintiff's Telemarketing Caller ID class is vague and ambiguous as to the phrase "third party acting on behalf of Defendant." Further, Plaintiff's Telemarketing Caller ID class is defined based upon the merits instead of objective criteria because it only includes individuals who received

"telemarketing" messages.

Plaintiff's Internal DNC class, as currently defined, also cannot be certified. Plaintiff's Internal DNC class is overly broad and lacks commonality because: (1) it is not limited to residential telephone subscribers, (2) it does not account for individuals who reconsented after previously asking the calls to stop, and (3) it includes individuals who were only texted within 10 days after requesting the messages to stop. Further, Plaintiff's Internal DNC class is also vague and ambiguous as to the phrase "third party acting on behalf of Defendant." Additionally, Plaintiff's Internal DNC class is also defined based upon the merits instead of objective criteria because it only includes individuals who received "telemarketing" messages.

In sum, the proposed classes are facially uncertifiable in a manner that discovery cannot resolve, and therefore Plaintiff's class allegations should be stricken as a matter of law.

As the Pending Motions are well taken and potentially dispositive of all or most of the case, a stay of discovery is warranted. *Williams*, 2006 WL 1722224, at *1 (granting motion to stay and noting that the courts have "discretion to stay discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure pending a resolution of a motion to dismiss")

    **C.    A Limited Stay of Discovery is Reasonable and Appropriate in this Case Because Commencement of Discovery Would Significantly Burden Lending Force.**

A stay of discovery is further warranted because commencement of potentially redundant class discovery would significantly burden Lending Force. Certainly, it makes little sense for the parties to engage in time-consuming and expensive—yet potentially unnecessary—discovery when a ruling on any of Lending Force's Pending Motions could render those efforts a nullity. Courts will look favorably on a stay of discovery where it would save both parties time and money. *See Signal IP, Inc. v. Fiat U.S.A., Inc.*, No. 14-cv-13864, 2015 WL 5719670, at *2 (E.D. Mich. Sept. 30, 2015) ("[G]ranting a stay early in the case conserves judicial resources and saves the parties time and money....").

Under these circumstances, this Court should not require Lending Force to participate in discovery concerning the substance of Plaintiff's Complaint pending its decisions on the Pending Motions. This is particularly true in a putative class action under the TCPA. The burden on a class action defendant in responding to discovery is undoubtedly large. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558–59 (2006) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of the evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs); *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*,

No. CIV.A. 12-2132 FLW, 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014) (noting there are "substantial costs and burdens associated with whole scale class action discovery."). That burden is only compounded in TCPA class actions, where the plaintiff may demand burdensome and expensive discovery regarding every text message a defendant made during the class period. Because of this burden, the Court should stay discovery until it is determined which claims and parties are properly before the Court. *See Hall v. Stine Seed Co.,* No. 2:20-CV-2906-MSN-CGC, 2021 WL 6752224, at *2 (W.D. Tenn. Sept. 1, 2021) (staying discovery holding the "[r]esolution of Defendant's motion to dismiss may dispose of this case in its entire, and the burden on Defendant of continuing with discovery outweighs any hardship to Plaintiffs from a stay of the case.").

To allow discovery in this case to go forward and then have all or part of Lending Force's motions granted would cause only a waste of the Court's and the parties time and resources.

### D. A Stay Will Not Prejudice or Disadvantage Plaintiff or Putative Class Members.

The second factor a court considers when determining whether to grant a stay is "(2) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party…" *Moore*, 2022 WL 16536216, at * 2 (citing *Brown*, 2020 WL 7122075, at *1).

Here, granting a stay in this matter while Lending Force's Motions are

8

pending would cause no undue prejudice or unfair tactical disadvantage to Plaintiff or putative class members. Indeed, the Pending Motions will not cause an undue delay in getting this case to trial. *See Dura Glob. Techs., LLC v. Magna Int'l Inc.*, No. 11-CV-10551-SFC-MKM, 2011 WL 5039883, at *8 (E.D. Mich. Oct. 24, 2011) (granting stay where no tactical disadvantage would result to plaintiff because a stay would not delay trial, fact discovery was set to close three months away and staying the case would save the parties from unnecessary litigation expense).

Conversely, as highlighted above, Lending Force would face clear financial hardship in the event that it is forced to respond to potentially unnecessary and extensive class discovery in this matter which may also involve possible discovery motions. As such, a stay of discovery is appropriate.

> E.  **A Stay is Warranted Because Discovery Has Not Yet Begun in This Matter, and No Trial Date Has Been Set.**

Lastly, the third factor a Court considers when determining whether to grant a stay is "(3) whether discovery is complete and when (or whether) a trial date has been set." *Moore*, 2022 WL 16536216, at * 2 (citing *Brown*, 2020 WL 7122075, at *1).

Courts routinely find that a stay is appropriate at the early stages of litigation, particularly where discovery has not yet commenced and no trial date has been scheduled. *See Richards v. Fashion Nova, LLC*, No. 1:25-CV-01145-TWP-MKK,

9

2025 WL 3167069, at *3 (S.D. Ind. Oct. 27, 2025) (granting stay where initial pretrial conference had occurred month earlier and "little (if any) discovery has taken place") *see also Cequent Performance Products, Inc. v. Hopkins Mfg. Corp.*, No. 13–cv–15293, 2015 WL 1510671, at *2 (E.D. Mich. Apr. 1, 2015) (granting stay where the parties had not yet begun expert discovery or noticed depositions, and trial was set fourteen months from when the motion to stay was filed); *Dura Glob. Techs.*, 2011 WL 5039883, at *8 (granting stay where no delay in getting case to trial existed and parties had three months until close of fact discovery).

Here, Lending Force has only recently responded to Plaintiff's Complaint. Discovery has not yet begun, and the Court has not set a trial date. Because this case remains in its infancy, a brief stay of discovery while the Pending Motions are resolved is both appropriate and efficient. *See Donnelly Corp.*, 2007 WL 3104794, *3 (granting stay where "substantial fact discovery on all fronts remains").

### III.  **CONCLUSION**

For the foregoing reasons, Defendant Lending Force, LLC respectfully requests that the Court stay discovery in this matter until resolution of the Pending Motions.

10

        Respectfully submitted,

        TROUTMAN AMIN, LLP

        By: */s/ Brittany A. Andres*
        Eric J. Troutman
        Brittany A. Andres
        400 Spectrum Center Drive
        Suite 1550
        Irvine, CA 92618
        troutman@troutmanamin.com
        brittany@troutmanamin.com
        Tel: (949) 350-5612
        *Attorneys for Defendant Lending Force LLC*

        WILLIAMS, WILLIAMS, RATTNER
        & PLUNKETT, P.C.
        Alexander A. Ayar (P69623)
        Michael J. Petrus (P84605)
        380 N. Old Woodward, Ste 300
        Birmingham, MI 48009
        (248) 642-0333
        aayar@wwrplaw.com
        mpetrus@wwrplaw.com
        *Attorneys for Defendant Lending Force LLC*

Dated: January 16, 2026

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ASHER BRONSTIN**, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

**LENDING FORCE LLC**,

    Defendant.

Case No. 25-cv-13564-LJM-DRG

Hon. Laurie J. Michelson
Magistrate Judge David R. Grand

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of January, 2026, I caused a copy of the foregoing Defendant Lending Force LLC's Motion to Stay Discovery and this Certificate of Service to be filed electronically with the United States District Court, Eastern District of Michigan, and notice will be sent by operation of the Court's electronic filing system to all ECF participants.

                                                             */s/ Brittany A. Andres*
                                                             BRITTANY A. ANDRES